COOPER LEVENSON, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
Telephone: (609) 344-3161
Facsimile: (609) 344-0939

By: Roger Lai, Esquire
Attorneys for Plaintiff, LCI World, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LCI WORLD, LLC, also known as LCI, LCI WORLD, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**LCI LEISURE CRAFT INDUSTRIES LIMITED LIABILITY COMPANY**<br><br>    and<br><br>**TODD D. DENHAM**<br><br>    **Defendants.** | No. _____<br><br>**Jury Trial Requested**<br><br><br>Assigned to:<br><br>_____ |

**COMPLAINT**

Plaintiff LCI WORLD, LLC, also known as LCI, LCI WORLD, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT, ("LCI") brings this Complaint against defendants LCI LEISURE CRAFT INDUSTRIES LIMITED LIABILITY COMPANY ("LCI-LCI") and its principal, managing member, and registered agent, TODD D. DENHAM.  In support of its claims, Plaintiff states as follows:

## Jurisdiction and Venue

1. This is a civil action seeking damages and injunctive relief for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§1051-1127.

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (trademark).

3. Plaintiff also seeks a declaratory judgment that LCI-LCI's trademark application is unregistrable and that any application issuing therefrom be canceled under authority of the Lanham Act, 15 U.S.C. §§ 1064(3) and 1119, and 28 U.S.C. § 2201.

4. This court has jurisdiction over Plaintiff's claim for trademark cancellation and declaratory judgment under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

6. Defendant LCI-LCI is registered to do business in the State of New Jersey and has its principal place of business within this District.

7. Defendant Todd Denham resides in this District.

8. The acts of trademark infringement and unfair competition complained of herein occurred in this District.

## Parties

9. Plaintiff LCI is a Pennsylvania limited liability company having a principal place of business at 401 E. 4th Street, Building 8, Floor 3, Bridgeport, Pennsylvania 19405. LCI has been registered to do business in New Jersey since 2012.

10. Upon information and belief, Defendant LCI-LCI is a Nevada Limited Liability Company having a registered office at 310 Bryn Mawr Avenue, North Cape May, New Jersey. LCI-LCI also does business and receives shipments from suppliers at 112 East Schellenger Avenue, Wildwood, New Jersey 08260 and has a mailing address of P.O. Box 1552, Wildwood, New Jersey 08260.

11. Upon information and belief, Defendant Todd D. Denham is an individual residing at 310 Bryn Mawr Avenue, North Cape May, NJ 08204-2016, and transacting business both at 310 Bryn Mawr Avenue, North Cape May, NJ 08204-2016 and at 112 East Schellenger Avenue, Wildwood, New Jersey 08260. Todd D. Denham is the registered agent and principal of LCI-LCI.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff LCI is in the business of importing and distributing gifts, souvenirs, and clothing, including t-shirts, sweatshirts, jackets, and related products. Photographs of exemplary LCI products, tags, labels, and packaging are attached as Exhibit A.

13. Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

14. Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI WORLD, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

15. On November 12, 2014, Plaintiff filed United States Trademark Application Serial No. 86/452,505 for the LCI WORLD LLC mark, a true and correct copy of which is attached hereto as Exhibit B.

16.     Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI-LCI WORLD, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

17.     Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI APPAREL, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

18.     Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI GIFTS, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

19.     Since at least as early as October 2012, Plaintiff has been the owner of the unregistered word mark LCI RESORT, which Plaintiff has used and continues to use in connection with gifts, souvenirs, and clothing.

20.     As a result of Plaintiff's efforts and expenditure of considerable sums for promotional activities and by virtue of the excellence of its products, Plaintiff has developed valuable goodwill and an impeccable reputation with respect to the family of word marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT (the "LCI Family of Marks").

21.     From approximately October 2012 through January 2014, Defendant Denham worked as President of Plaintiff.

22.     During the time Denham served as President of Plaintiff, Denham sold products of Plaintiff that were branded or marketed with the marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and/or LCI RESORT.

23. During the time Denham served as President of Plaintiff, Denham had knowledge of Plaintiff's ownership of the marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT.

24. After no longer serving as President of Plaintiff, in March 2014, Denham formed LCI-LCI as a new company.

25. Since March 2014, Denham has been a principal, managing member, officer, and/or director of Defendant LCI-LCI.

26. When Denham formed LCI-LCI, he had knowledge of Plaintiff's ownership of the LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT marks and Plaintiff's use of these marks in connection with gifts, souvenirs, and clothing.

27. Denham currently has knowledge of Plaintiff's ownership of the LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT marks and Plaintiff's use of these marks in connection with gifts, souvenirs, and clothing.

28. Since March 2014, Denham has been selling and distributing products competing with Plaintiff's products through LCI-LCI.

29. Specifically, the Defendants have been importing and selling clothing branded with the mark LCI DESTINATIONS, as shown on the photographs of Defendants' products attached hereto as Exhibit C.

30. Upon information and belief, Defendant LCI-LCI holds itself out to the public, and markets, sells, and distributes its products under the name LCI LEISURE CRAFT INDUSTRIES.

31.     The Defendants' LCI DESTINATIONS-branded products are in direct competition with Plaintiff's products branded or marketed with Plaintiff's LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, and LCI RESORT marks.

32.     Plaintiff's products and Defendants' products move through similar channels of trade (e.g., retail gift and souvenir stores) to similar classes of consumers.

33.     Consumers, including both retail stores and individual members of the public, are likely to purchase, from Defendants or from their retail-store customers, products bearing one or more of Plaintiff's LCI Family of Marks, in the mistaken belief that such products were sold or distributed by the Plaintiff, thereby causing a loss of sales to the Plaintiff.

34.     Plaintiff has no control over the nature and quality of the products sold by Defendants under the LCI and LCI DESTINATIONS marks, and because of the confusion as to the source of the products sold by Defendants, Plaintiff's goodwill in respect to its LCI Family of Marks will suffer and is at the mercy of Defendants.

35.     Defendants have been using Plaintiff's unregistered LCI mark in connection with products sold by Defendants, without attribution of the LCI mark to Plaintiff.

36.     On June 8, 2014, LCI-LCI filed United States Trademark Application Serial No. 86/303,476 for the LCI DESTINATIONS mark, a true and correct copy of which is attached hereto as Exhibit D.

37.     On October 9, 2014, Plaintiff, through counsel, sent a cease-and-desist letter to Defendants, a true and correct copy of which is attached hereto as Exhibit E.

38.     In a letter dated November 5, 2014, Defendants' counsel admitted that "there is [LCI] product in the pipeline" and asserted that transitioning to a new brand name would "require some time." A true and exact copy of this letter is attached hereto as Exhibit F.

39. On November 24, 2014, the Defendants received a shipping container from a foreign supplier under Bill of Lading No. DEWCXD402265 in New York.

40. The shipping container included 390 cartons comprising approximately 800-1000 jackets marked LCI DESTINATIONS and weighing 8,378 pounds.

41. Upon information and belief, the Defendants have neither returned nor destroyed the LCI DESTINATIONS jackets received November 24, 2014.

42. Upon information and belief, the Defendants are continuing to sell and distribute the LCI DESTINATIONS jackets received November 24, 2014, directly and also through one or more distributors or suppliers.

43. In a telephone call on December 29, 2014, Defendants' counsel alleged that the Defendants had stopped using Plaintiff's LCI mark.

44. Neither Defendants' counsel nor the Defendants have provided any details or evidence establishing that they have stopped using the Plaintiff's marks.

45. The Defendants have not provided any evidence that LCI DESTINATIONS-branded goods have been destroyed and are no longer being imported or sold.

46. As of the date of this Complaint, Defendant LCI-LCI's registered name is still LCI Leisure Craft Industries Limited Liability Company.

**COUNT I:**
**INFRINGEMENT OF UNREGISTERED TRADEMARKS, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, VICARIOUS LIABILITY, AND CONTRIBUTORY INFRINGEMENT UNDER THE LANHAM ACT**

Plaintiff repeats and incorporates herein paragraphs 1 through 46 of this Complaint and further states as follows:

47. Defendants, after receiving the cease-and-desist letter, still continue to sell products branded with the mark LCI DESTINATIONS, in direct competition with Plaintiff's products branded with one or more of the LCI Family of Marks.

48. Upon information and belief, Defendants continue to use at least Plaintiff's unregistered LCI mark in connection with the promotion of products sold by Defendants, without attribution of the LCI mark to Plaintiff.

49. Defendants' use of the LCI mark in its corporate name and in connection with the sale of branded products has already caused actual consumer confusion and is likely to cause further consumer confusion as to the association between Defendants' products and Plaintiff's products.

50. The aforesaid acts of Defendants constitute infringement of one or more of Plaintiff's LCI Family of Marks, in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

51. As a result of the Defendants' acts, Plaintiff has suffered monetary damage in the form of lost sales and price erosion, as well as time and money spent in attempting to remedy and address Defendants' infringing conduct.  Defendants' infringing conduct may also lead to the failure of Plaintiff's business as a going concern.

52. The aforesaid acts of Defendants constitute false designation of origin and unfair competition with respect to one or more of Plaintiff's LCI Family of Marks, in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

53. Denham, as managing member, officer, or director of LCI-LCI, directs, controls and ratifies the actions of LCI-LCI, including the aforesaid acts.

54. Upon information and belief, Denham selected or approved the registered name of LCI-LCI.

55. Upon information and belief, Denham intentionally included the LCI mark in the name of LCI-LCI in order to benefit from the good will and excellent reputation of LCI.

56. Upon information and belief, Denham selected or approved the name LCI DESTINATIONS as a brand name for LCI-LCI's jackets.

57. Upon information and belief, Denham intentionally included the LCI mark in the LCI DESTINATIONS brand name in order to benefit from the good will and excellent reputation of LCI.

58. Denham has a direct financial interest in the exploitation of Plaintiff's trademark rights.

59. Denham is vicariously liable for the foregoing acts of trademark infringement.

60. Denham is personally liable for direct trademark infringement as well as contributory trademark infringement.

61. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake, or deception, in disregard of and with indifference to the rights of Plaintiff.

62. The conduct of Defendants giving rise to this claim was exceptional such as to justify an award of counsel fees and expenses to Plaintiff under 15 U.S.C. § 1117(a).

63. As a result of the aforesaid acts, Plaintiff is entitled to damages pursuant to 15 U.S.C. § 1117(a), including treble damages, attorneys' fees, and costs.

64. By reason of the acts of Defendants alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer irreparable damage, and, unless Defendants are restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

65. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

66. Plaintiff has no adequate remedy at law.

67. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's trademark and violating Plaintiff's exclusive rights under U.S. trademark laws.

68. This injunctive relief is in accord with the public interest, and not adverse to it.

69. Plaintiff requests a trial by jury in this action.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their officers, agents, servants, employees, attorneys, parents, affiliates, related companies, and all persons acting for, with, by, through or under them, and each of them, be permanently enjoined and restrained:

(i) from using or causing any other person to use in any manner the word marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, or LCI RESORT, or any portion or formative thereof, or any other mark likely to cause confusion therewith, in connection with the promotion and sale of Defendants' products;

(ii) from using or causing any other person to use in any manner the word marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, or LCI RESORT, or any portion or formative thereof, or any other mark likely to cause

confusion therewith, in such a manner that is likely to create the erroneous belief that Defendants' products or any other products are manufactured by, authorized by, sponsored by, licensed by, or in some way associated or affiliated with Plaintiff;

(iii) from publishing, using, or causing any other person to publish or use any web site pages, advertising or any other promotional materials or Internet code words, including titles, metatags, keywords, and scripts that use in any manner the word marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, or LCI RESORT, or any portion or formative thereof, or any other mark likely to cause confusion therewith so as to create a likelihood of confusion, mistake or deception;

(iv) from using or causing any other person to use in any manner the word marks LCI, LCI WORLD, LCI WORLD LLC, LCI-LCI WORLD, LCI APPAREL, LCI GIFTS, or LCI RESORT, or any portion or formative thereof, or any other mark likely to cause confusion therewith, in any domain name, URL, or portion or formative thereof; and

(v) from otherwise engaging in any other acts or conduct which would cause the erroneous belief that products sold by Defendants are manufactured by, authorized by, sponsored by, licensed by, or in some way associated or affiliated with Plaintiff;

B. That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

C. That Defendants be required to account for and pay over to Plaintiff all damages sustained by Plaintiff, the amount of which cannot be calculated at this time, but is believed to be

as high as about $1.4 million dollars ($1,400,000.00), and that such amounts be trebled, as provided by law;

      D.      That Defendants be required to pay Plaintiff punitive damages as may be permitted by law or in the discretion of the Court;

      E.      That Defendants be required to pay Plaintiff its attorney's fees and costs expended herein;

      F.      That this Court order cancellation of any federal trademark registration that Defendants may obtain for the trademark LCI DESTINATIONS, which can serve as a source of damage to plaintiff, as such trademark registration would constitute a prima facie right of Defendants to continue to use the mark in commerce, casting a cloud on the exclusivity of plaintiff's right to use any confusingly similar term;

      G.      For such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendants are manufactured by, authorized by, sponsored by, licensed by, or in some way associated or affiliated with Plaintiff or related in any way to Plaintiff or its products; and

      H.      For such other and further relief as the Court may deem just and proper.

## COUNT II: DECLARATORY JUDGMENT OF UNREGISTRABILITY OF U.S. TRADEMARK APPLICATION NO. 86/303,476

Plaintiff repeats and incorporates herein paragraphs 1 through 69 of this Complaint and further states as follows:

70.     As stated above, on June 8, 2014, LCI-LCI filed United States Trademark Application Serial No. 86/303,476 for the LCI DESTINATIONS mark.

71.     Plaintiff seeks a declaration that LCI-LCI's trademark application for the LCI DESTINATIONS mark is unregistrable, because Plaintiff has superior rights in the LCI mark, and because Defendants' use of the LCI DESTINATIONS mark is likely to cause consumer confusion as to the association between Defendants' products and Plaintiff's products.

72.     The conduct of Defendants giving rise to the requested declaratory judgment was exceptional such as to justify an award of counsel fees and expenses to Plaintiff under 15 U.S.C. § 1117(a).

WHEREFORE, Plaintiff requests the following relief:

A.      That the Court declare LCI-LCI's trademark application No. 86/303,476 to be unregistrable;

B.      That any registration issuing from LCI-LCI's trademark application No. 86/303,476 be ordered cancelled and unenforceable; and

C.      That Plaintiff be awarded its attorneys' fees plus the costs and expenses of this action.

                                        COOPER LEVENSON, P.A.

                                        By:     s/ Roger Lai
Dated: January 5, 2015                          Roger Lai
                                                Attorneys for Plaintiff

                                        Of Counsel:
                                                Kevin Drucker, Esquire
                                                David Cargille, Esquire
                                                Mendelsohn Drucker & Dunleavy, P.C.
                                                1500 John F. Kennedy Blvd., Suite 312
                                                Philadelphia PA 19102
                                                Telephone: (215) 557-6656

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues in the above matter.

                COOPER LEVENSON, P.A.

           By:    s/Roger Lai

Dated: January 5, 2015                Roger Lai
                                        Attorneys for Plaintiff

CLAC 2822215.1